IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.
05 OCT 24 AM 7:04
THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

|  |  |  |
|---|---|---|
| ROY TOWNS, | X | |
| Plaintiff, | X | |
| vs. | X | No. 03-2707-D/V |
| BAPTIST HOSPITAL FOR WOMEN, et al., | X | |
| Defendants. | X | |

ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
AND
ORDER ASSESSING APPELLATE FILING FEE

Plaintiff, Roy Towns has filed a notice of appeal from the Court's judgment, entered on September 9, 2005, along with motions to proceed in forma pauperis on appeal and for appointment of counsel. The United States Court of Appeals for the Sixth Circuit docketed that appeal under case number 05-6593.

Plaintiff originally sued Baptist Memorial Hospital, Baptist Memorial Hospital for Women, and Baptist Memorial HealthCare Corporation. The Court, by stipulation of the parties, dismissed Baptist Memorial Hospital as a defendant in this case on March 22, 2004. The Court entered an order partially granting defendants' Rule 12(b)(6) motion to dismiss which dismissed plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 on November 10, 2004. dismissed as frivolous plaintiff's claims against defendants Bruce Westbrook, E. Binkley, and unspecified "medical staff". By order entered

November 23, 2004, the Court partially granted defendants' motion for summary judgment and dismissed plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. 201, et seq. ("FLSA), under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12117 ("ADA"), under 42 U.S.C. § 2000e, et seq. ("Title VII"), and 42 U.S.C. § 1981 for sex and color discrimination, retaliation, and hostile work environment, and state law claims for fraud, and for wrongful termination.

On August 22, 2005, the case proceeded to trial on plaintiff's claims of race discrimination and defamation. At the close of plaintiff's proof, the defendants made a motion for judgment as a matter of law. The Court denied the motion. The jury returned a verdict in favor of the defendants.

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Defining the "good faith" standard applicable in this context, the Supreme Court has instructed:

> In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous.

Crisafi v. Holland, 655 F.2d 1305, 1306 n.3 (D.C. Cir. 1981) (citing Farley v. United States, 354 U.S. 421 (1951)). Further,

> "[in] . . . determining whether a particular complaint is frivolous or malicious under § 1915(d), the threshold issue for the trial court is an assessment of the substance of the claim presented, i.e., is there a

factual and legal basis . . . for the asserted wrong, however inartfully pleaded."

Crisafi, 655 F.2d at 1307 (citing Watson v. Ault, 525 F.2d 886, 892 (5th Cir. 1976)). Accordingly, the same considerations that led the Court to dismiss plaintiff's claims under 42 U.S.C. §§ 1985 and 1986, under the FLSA, under the ADA, under Title VII and 42 U.S.C. § 1981 for sex and color discrimination, retaliation, and hostile work environment, and state law claims for fraud, and for wrongful termination in the orders of partial dismissal as lacking legal and factual foundation compel the conclusion that an appeal of those claims would be frivolous.

To the extent that the plaintiff seeks to appeal because he is dissatisfied with the jury verdict, the jury reached its verdict after careful deliberations. Any quarrel the plaintiff has with that verdict can be based only on the jury's assessment of the credibility of the evidence, a matter that cannot be reviewed on appeal. Accordingly, any appeal of that verdict would also lack an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Court therefore finds that an appeal of this action would not be in good faith.

IT IS CERTIFIED pursuant to 28 U.S.C. § 1915(a)(3) that any appeal in this matter by plaintiff, proceeding in forma pauperis, is not taken in good faith. The motion to proceed in forma pauperis on appeal is denied.

3

The foregoing determination also compels the conclusion that plaintiff is not entitled to appointment of counsel by this Court. Accordingly, the motion is for appointment of counsel DENIED.

The plaintiff must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[1] The entire filing fee must be paid within thirty days of the entry of this order upon the docket. See McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997); Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997).

If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days[2] of the entry of this order, the district court will notify the Sixth Circuit, who will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. McGore, 114 F.3d at 610.

IT IS SO ORDERED this 21 day of October, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

---

[1] The fee for docketing this appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

[2] The district court may extend this deadline one time by thirty days if the motion to extend is filed within the meaning of Fed. R. App. P. 4(a)(5)(C) before the expiration of the original deadline. McGore, 114 F.3d at 610.

4

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 87 in case 2:03-CV-02707 was distributed by fax, mail, or direct printing on October 24, 2005 to the parties listed.

---

Paul E. Prather
KIESEWETTER WISE KAPLAN & PRATHER, PLC
3725 Champion Hills Drive
Ste. 3000
Memphis, TN 38125

George W. Loveland
KIESEWETTER WISE KAPLAN SCHWIMMER & PRATHER
3725 Champion Hills Dr.
Ste. 3000
Memphis, TN 38125

Samuel Jones
LAW OFFICE OF SAMUEL JONES
147 Jefferson Ave.
Ste. 407
Memphis, TN 38103

Roy Towns
973 Rock Point Dr
Apt 4
Memphis, TN 38116

Honorable Bernice Donald
US DISTRICT COURT